|  |  |
|---|---|
| RAUL ZAMUDIO, an individual, and SOLEDAD ZAMUDIO, an individual, | No. 2:16-cv-02693-TLN-DB |
| Plaintiff, | |
| v. | **RELATED CASE ORDER** |
| FMC CORPORATION, a Delaware Corporation; and DOES 1 through 20, | |
| Defendants. | |
| RAUL ZAMUDIO, an individual, and SOLEDAD ZAMUDIO, an individual, | No. 2:19-cv-00111-KJM-EFB |
| Plaintiff, | |
| v. | |
| FMC CORPORATION, a Delaware Corporation, et al. | |
| Defendants. | |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

On February 7, 2019, Plaintiffs Raul Zamudio and Soledad Zamudio ("Plaintiffs") filed a Notice of Related Case in which they propose relating the above-entitled civil actions because they involve the same parties, the same attorneys, and "the same underlying incident and facts." (Case No. 2:16-cv-02693-TLN-DB, ECF No. 53.)

Upon review of both cases, the Court finds that these actions are related within the

1

meaning of Local Rule 123(a) (E.D. Cal. 1997). Pursuant to Rule 123 of the Local Rules of the United States District Court for the Eastern District of California, two actions are related when they involve the same parties and are based on a same or similar claim; when they involve the same transaction, property, or event; or when they "involve similar questions of fact and the same question of law and their assignment to the same Judge . . . is likely to effect a substantial savings of judicial effort." L.R. 123(a). Further,

> [i]f the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

L.R. 123(c).

Here, the actions involve the same parties and are based on the same claims arising from a single incident. Indeed, the parties concede that the claims are almost—if not entirely—identical. (*See* Case No. 2:19-cv-00111-KJM-EFB, ECF Nos. 29 and 31.) At a minimum, then, assignment to the same judge would "effect a substantial savings of judicial effort." L.R. 123(a).

Relating the cases under Local Rule 123, however, merely has the result that both actions are assigned to the same judge. In this case, it seems that consolidation of the cases may also be appropriate.

IT IS THEREFORE ORDERED that the action denominated 2:19-cv-00111-KJM-EFB is reassigned to District Judge Troy L. Nunley and Magistrate Judge Deborah Barnes, and the caption shall read 2:19-cv-00111-TLN-DB. The parties are further ORDERED to show cause in writing not later than fifteen (15) days from the date of this Order as to why these cases should not be consolidated. Any dates currently set in 2:19-cv-00111-KJM-EFB are hereby VACATED. The Clerk of the Court is to issue the Initial Pretrial Scheduling Order.

IT IS SO ORDERED.

Dated: February 28, 2019

Troy L. Nunley
United States District Judge

2