UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ZAMUDIO, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>FMC CORPORATION, a Delaware Corporation; and DOES 1 through 20, inclusive<br><br>Defendants, | No. 2:16-cv-02693-TLN-DB<br><br>**ORDER GRANTING MOTION TO INTERVENE BY LIBERTY INSURANCE CORPORATION** |

This matter is before the Court on Proposed Plaintiff Intervenor, Liberty Insurance Corporation's ("Proposed Plaintiff Intervenor") motion to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2), and in the alternative Federal Rule of Civil Procedure 24(b). (ECF No. 34 at 2, 4.) No oppositions to this motion have been filed.

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2016, Plaintiffs Raul and Soledad Zamudio ("Plaintiffs") filed a complaint for personal injury damages against FMC Corporation ("Defendant"). (ECF No. 1.) Plaintiffs brought six causes of action against Defendant arising from a workplace incident that occurred on July 2, 2015. (ECF No. 1 ¶ 10.) During Raul Zamudio's employment at H.J. Heinz Company dba Escalon Premier Brands ("Heinz"), he suffered a serious injury while cleaning a machine he alleges was defectively manufactured by Defendant. (ECF No. 1 ¶ 3.) Plaintiffs allege the machine started suddenly while in the off position and caused bi-lateral amputation to both of Raul Zamudio's arms. (ECF No. 1 ¶ 10.) Plaintiffs argue Defendant's defective product and/or negligence caused the injury. (ECF No. 1 ¶ 10.) As a result of the injury, Raul Zamudio became unable to perform his job, and Plaintiffs seek recovery for personal injuries relating to the alleged product defect, breach of express warranty, and loss of consortium. (ECF No. 1 at 1.)

On April 24, 2018, Proposed Plaintiff Intervenor filed the instant motion seeking intervention of right or permissive intervention. (ECF No. 34.) Proposed Plaintiff Intervenor is an insurance company that serves as the workers' compensation insurance carrier for Heinz. (ECF No. 34 at 10, ¶ 3.) Proposed Plaintiff Intervenor has paid workers' compensation benefits to or on behalf of Plaintiff Raul Zamudio as a result of the incident, and is pursuing a subrogation claim based on those benefits. (*See* ECF No. 34 at 6.) Proposed Plaintiff Intervenor claims it has cognizable interest that would be impaired or impeded by way of disposition of Plaintiff's action, and the existing parties do not adequately represent that interest. (ECF No. 34 at 6.) Therefore, Proposed Plaintiff Intervenor argues it is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2). (ECF No. 34 at 6.)

## II. STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 24(a)(2), on timely motion, intervention is a matter of right when the moving party is one who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(a)(2).

Courts apply a "four-part test" to determine whether a moving party may intervene as a matter of right: "(1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006); Rule 24(b).

"Each of these four requirements must be satisfied to support a right to intervene." *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003)). In evaluating whether these requirements are met, courts "are guided primarily by practical and equitable considerations." *Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Further, courts generally "construe [the Rule] broadly in favor of proposed intervenors." *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 397 (9th Cir. 2002).

### III. ANALYSIS

This case arises out an incident that occurred at Plaintiff Raul Zamudio's place of employment by an alleged defective product of Defendant. (ECF No. 1 ¶ 10.) As the workers' compensation carrier for Heinz, Proposed Plaintiff Intervenor claims to have a significantly protectable interest in the matter due to the workers' compensation benefits it has paid to Plaintiff Raul Zamudio. (ECF No. 34 at 3–4.) Proposed Plaintiff Intervenor seeks a subrogation claim against Defendant and argues its interests are not properly represented by existing parties. (ECF No. 34. at 5.) Given the factual relatedness of the claims by Plaintiffs and Proposed Plaintiff Intervenor, Proposed Plaintiff Intervenor further argues an adverse judgment in the present case would inhibit its ability to recover from Defendant. (*See* ECF No. 34 at 6–7.) The Court addresses each of the four Rule 24(a)(2) factors in turn.

A. <u>Timeliness of Motion</u>

"Timeliness is 'the threshold requirement' for intervention as of right." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). A motion is generally considered timely when "made at an early stage of the proceedings, the parties would not have

suffered from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). In determining whether a motion is timely, courts consider: (1) the stage of the proceeding; (2) any prejudice to the other parties; and (3) the reason for and length of any delay. *Orange Cty. v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986).

With regard to the stage of the proceeding prong, the case is in the pretrial stage and as of the filing of Proposed Plaintiff Intervenor's motion (ECF No. 34), no trial date had been set. As to the prejudice of other parties, Proposed Plaintiff Intervenor contends that its claim will not "expand the scope of discovery, require additional investigation, or otherwise cause delay in the underlying action." (ECF No. 34 at 10, ¶ 9.) The Court agrees that Proposed Plaintiff's Intervention is unlikely to prejudice the existing parties given the factual relatedness of the claims. Further, existing parties have not filed opposition to Proposed Plaintiff Intervenor's intervention that indicate any potential prejudice against them. Finally, as to the reason for and length of any delay, Plaintiffs filed their complaint on November 14, 2016. (ECF No. 1.) Proposed Plaintiff Intervenor did not file the present motion until April 25, 2018. (ECF No. 34.) Proposed Plaintiff Intervenor claims its present motion was filed "as soon as practicable." (ECF No. 34 at 3.) In the absence of opposition by the existing parties and Proposed Plaintiff Intervenor's assertion that filing occurred as soon as practicable, the Court finds this prong of the timeliness analysis has been met.

Accordingly, the Court finds that the motion to intervene was timely filed within the meaning of Rule 24.

### B. Significant Protectable Interest

An intervenor has a "significant protectable interest" when (1) it asserts an interest that is protected by law, and (2) there is a "relationship" between the legally protected interest and the plaintiff's claims. *See State ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).

Proposed Plaintiff Intervenor argues it has a significant protectable interest through its payment of workers' compensation benefits and pursuant to the California Labor Code and California Insurance Code. (ECF No. 34 at 4.) Specifically, Proposed Plaintiff Intervenor cites

to California Labor Code § 3852, which gives employers a right to a claim in the suit of an employee if the employer paid workers' compensation to the employee as a result of injury caused by the defendant's negligence. Here, the employer in question is Heinz. California Insurance Code § 11662 further provides that an insurer providing insurance against liability to an employer is subrogated to the rights of the employer to recover losses arising out of payment of any compensation for which the employer is liable. As the workers' compensation insurance provider to Heinz, Proposed Plaintiff Intervenor retains an interest that is protected by law.

An intervenor "generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims will affect the [intervenor.]" *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998). Plaintiffs' and Proposed Plaintiff Intervenor's causes of action both arise from the same workplace incident. (ECF No. 1 ¶ 10; ECF No. 34 at 1.) Judgment in favor of Defendant in this case will affect Proposed Plaintiff Intervenor's claim against Defendant. The Court finds the requisite relationship exists between the Proposed Plaintiff Intervenor's legally protected interest and Plaintiffs' claims.

Accordingly, the Proposed Plaintiff Intervenor has satisfied its showing of a protectable interest.

C. <u>Disposition of Action May Impair or Impede Ability to Protect Interest</u>

"If an absentee would be substantially affected in a practical sense by the determination made in an action, [the absentee] should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Rule 24 advisory committee's notes). Here, judgment in favor of Defendant in this case will necessarily impair or impede Proposed Plaintiff Intervenor's ability to protect its own interests and pursue claims against Defendant. Accordingly, the Court finds this factor to be adequately satisfied.

D. <u>No Existing Adequate Representation</u>

A proposed intervenor is adequately represented when "(1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect." *Sw. Ctr. for*

5

*Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153–54 (9th Cir. 1998).

The burden of showing inadequate representation is "minimal" and Proposed Plaintiff Intervenor need only demonstrate "that representation of its interests 'may be' inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (quoting *Arakaki*, 324 F.3d at 1086). Here, Proposed Plaintiff Intervenor has a subrogation claim based on workers' compensation benefits paid to Plaintiff. (ECF No. 34 at 6.) Plaintiffs, in their action, pursue personal injury causes of action. (ECF No. 1 at 1.) Proposed Plaintiff Intervenor argues that although the claims arise from the same event, the elements differ, and Plaintiffs will not make all of Proposed Plaintiff Intervenor's arguments. (ECF No. 34 at 6.) The Court agrees and finds that Proposed Plaintiff Intervenor has met its burden of showing inadequate representation. Therefore, this factor has been satisfied.

As all four factors have been met, intervention as a right under Rule 24(a)(2) is appropriate.

### IV. CONCLUSION

For the reasons set forth above, Proposed Plaintiff Intervenor's motion to intervene (ECF No. 34) is GRANTED.

Dated: September 5, 2019

Troy L. Nunley
United States District Judge