UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ZAMUDIO and SOLEDAD ZAMUDIO,<br><br>              Plaintiffs,<br><br>     v.<br><br>FMC CORPORATION and DOES 1 through 20,<br><br>              Defendants. | No. 2:16-cv-02693-TLN-DB<br><br>**ORDER** |

This matter is before the Court on the law firm of Abir Cohen Treyson Salo, LLP, specifically attorney Boris Treyzon's (collectively, "ACTS") Motion to Withdraw as Counsel for Plaintiffs Raul and Soledad Zamudio ("Plaintiffs"). (ECF No. 80.) No opposition has been filed. For the reasons set forth below, the Court GRANTS the motion.

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of court upon a noticed motion. E.D. Cal. L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. *Id.* Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.*

1

The decision to grant or deny a motion to withdraw is within a court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011). District courts within this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See, e.g.*, *Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

In the instant case, ACTS has complied with Local Rule 182(d). ACTS has also shown withdrawal is proper under the California Rules of Professional Conduct. More specifically, ACTS moves to withdraw pursuant to California Rule of Professional Conduct 1.16(b)(4), which allows withdrawal when the client "renders it unreasonably difficult for the lawyer to carry out the representation effectively." (ECF No. 80 at 4.) ACTS informed Plaintiffs of its intent to withdraw by sending a letter on February 12, 2022. (ECF 80-1 at 2.) Plaintiffs signed a return receipt indicating they received the letter on February 17, 2022. (*Id.*) Plaintiffs never responded to the letter or otherwise communicated with ACTS after receipt of the letter. (*Id.*) Based on this breakdown in communication, the Court finds there is good cause for ACTS to withdraw.

The Court also finds there is a low risk of prejudice to Plaintiffs and the other litigants if this motion is granted as there are no pending hearings, deadlines, or trial dates. Lastly, the Court cannot identify any harm to the administration of justice or possible delay that would result from granting ACTS's motion to withdraw.

For the foregoing reasons, the Court hereby GRANTS the Motion to Withdraw (ECF No. 80), leaving Plaintiffs in Pro Per. The Court ORDERS Plaintiffs to acquire new counsel and file a notice of appearance not later than sixty (60) days from the electronic filing date of this Order. Failure to acquire counsel within that time will result in this case being referred to the assigned magistrate judge for all purposes, exclusive of the pretrial conference and trial. *See* Local Rule 302(c)(21). Further, the parties are ORDERED to file an updated joint status report not later than

thirty (30) days from the date Plaintiffs' new counsel files a notice of appearance. The updated joint status report should indicate whether the parties still desire to be referred to a formal settlement conference or, if not, the parties should file an updated notice of trial readiness. Failure to timely file the joint status report/updated notice of trial readiness may result in the imposition of sanctions. The Clerk of Court is directed to serve this Order on Plaintiffs at 2537 Dobbins Lane, Riverbank, California 95367.

IT IS SO ORDERED.

**DATED:** May 19, 2022

Troy L. Nunley
United States District Judge